IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD RUHL<br><br>        Plaintiff,<br><br>-vs-<br><br>WARDEN<br>TERRY MC CANN<br><br>        Defendant, | ) Motion for Leave to Stay Habeas<br>) Corpus in Abeyance<br>)<br>)<br>) 08CV4980<br>) JUDGE HOLDERMAN<br>) MAG. JUDGE COLE<br>)<br>) Judge Presiding<br>)<br>) |

FILED
SEP 02 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MOTION FOR LEAVE TO STAY HABEAS CORPUS PETITION
AND HOLD IN ABEYANCE UNTIL FILED SUCCESSIVE
POST-CONVICTION IS FINIALIZED IN THE STATE
COURT**

Now comes the petitioner, Ronald Ruhl, Pro se, and through himself and respectfully moves this Honorable Court to grant the above entitled motion. To support said motion the petitioner states the following:

### Introduction

1. That on February 6, 2003, the petitioner was found guilty of First Degree Murder.

2. That on December 15, 2004 the petitioner conviction and sentence was affirmed.

3. That on May 25, 2005, the petitioner petition for Leave to Appeal to the Illinois Supreme Court was denied.

4. That on November 25, 2005, the petitioner filed his first Post-Conviction Petition and it was denied on February 10, 2006.

5. The petitioner appealed the denial of his Post-Conviction Petition and it was affirmed on October 30, 2007.

6. The petitioner filed a Petition for Leave to Appeal, but it was denied on March 26, 2008.

7. The Petitioner filed a Successive Post-Conviction on August 5, 2008.

1

**The Petitioner Habeas Corpus Petition should be stayed if
Claims in State Courts are unexhausted**

8. Becuase Courts cannot consider mixed petitions containing both exhausted and unhausted claims. See <u>Rose v Lundy</u> 455 U.S. 509, (1982) The Petitioner requests permission to stay this Federal Habeas Petition and hold it in Abeyance while he litigates his claims in the State Courts.

9. A Federal District Court "has discretion to stay(a) mixed petition to allow the petitioner to present his unexhausted claims to the State Courts in the first instance and then return to Federal Court for review of his perfected petition. <u>Rhines v Weber</u> 544 U.S. 269, 271-72; (2005).

10. The Claims the petitioner has raised in the State Court all deprive out of ineffective assistance of counsel of trial, post-trial and appellate counsel.

In the petitioner Successive Petition he raised the following in the State Courts.

### Issue One

Petitioner was denied effective assistance of counsel where Mr. Stone and Mr. Brandstrader both failed to raise the issue of trial counsel failure to submit Illinois Pattern Jury Instruction, Criminal 3d 3.17 (I.P.I). "Accomplice Instruction".

### Issue two

Petitioner was denied effective assistance of counsel where Attorney Branstrader represented the petitioner on direct appeal from petition for Rehearing and through all the petitioner post-conviction proceedings. Mr. Brandstrander through the mail reviewed and agreed to raise the issue of ineffective assistance of post trial motion and appellate counsel Mr. Jed Stone in failing to provide the reviewing Courts records, transcripts of co-defendant trial, statements, ect, which directly weigh in the decision to affirm the petitioner conviction. (See Ex.⍵ within the Habeas Corpus Petition).

### Issue Three

Petitioner was denied effective assistance of counsel where counsels failure to raise the petitioners actual innocence as from the onset of this case he expounded that in fact he did not commit the murder for which he remains convicted. The actual innocence claim is overwhelmingly supported by Ray Serio's confession to three

2

(3) witnesses that he shot and killed Richard Neubauer and that Denise Schubat was present and invol-
( See Ex. G,L.M)

11. The above issues mentioned in this petition is raised in the petitioner pending Successive Post-Conviction Petition in the State Courts.

12. The issues raised in the petitioner pending Successive Post-Conviction Petition are meritorious and is a violation of State and Federal Constitutions.

13. In deed, it may be considered an abuse of discretion for a District Court to refuse to grant a stay "If the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious and there is no indication that the petitioner engaged in intentionally dilatory tactics. Such as here.

14. The claims the petitioner has raised in his Successive Post-Conviction Petition is deprived from the petitioner previously attorneys failing to attached certain documentation to the petitioner post-trial motion, his direct appeal and his original post-conviction petition.

In <u>Kluppelberg</u> the Appellate Court held that a post-conviction petition does not have the right to assistance of counsel, but have a statutory right to the reasonable assistance of counsel. Counsel failed to provide a reasonable assistance where he (1) failed to attach to the petition a police report that was in the trial court record and which supported the claim that trial counsel was ineffective, and (2) failed to make a routine amendment to the petition to add an allegation that the appellate counsel was ineffectiveness. The appellate Court reversed and remand for further proceedings. <u>People v Kluppelberg</u> 327 Ill.App.3d 930, 764 N.E.2d 1182;

15. <u>The petitioner has shown good cause for his failure to exhaust his claims raised in his state Successive Post-Conviction Petition, and the petitioner ask that his Habeas Corpus Proceedings be placed on hold until his Successive Petition in the State Courts is finalized.</u>

In Rhines the United States Supreme Court held that it would likely be abuse of discretion for a District Court to deny a stay and to dismiss a mixed petition of the petitioner had good cause (as here) for his failure to exhaust, his unexhausted claims are potentially meritorious and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines v Weber 125 S.Ct. 1528 (2005);

16. Finally, in failing to exhaust his claims in the state courts before he filed his Federal Habeas Corpus Petition is in no way engaged in dilatory tactics. To the contrary, it is only because of the petitioner previously attorney that his litigation has been in any way delayed.

## Conclusion

The petitioner has brought this Motion and filed a Protective Federal Habeas Corpus Petition to ensure that his right are protected. The petitioner requests permission to stay his petition and hold in abeyance while he litigates those issues in state Courts. As the petitioner has demonstrated above, he has met the threshold for the Stay and Abeyance Procedure and therefore request the same.

Respectfully Submitted

Ronald Ruhl
Reg No. R-07282
P.O. Box 112
Joliet, Ill 60434

## Affidavit

I, Ronald Ruhl, affiant do herein declare and affirm pursuant to 28 U.S.C. 1746, or 18 U.S.C. 1621, under penalty of perjury that everything contained herein is true and correct to the best of my knowledge and belief. I further declare and affirm thatthe contents of the foregoing documents are known to me and are accurate to the best of my knowledge and belief.

Ronald Ruhl